**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STEEL, PAPER, AND FORESTRY RUBBER AND MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO, CLC LOCAL 13-2001** §§§§§§ | |
| §§ | **CIVIL ACTION NO.** |
| **VS.** §§ | |
| **EXXON MOBIL FUELS AND LUBRICANTS COMPANY (A DIVISION OF EXXON MOBIL CORPORATION)** §§§§ | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

COMES NOW, UNITED STEEL, PAPER, AND FORESTRY RUBBER AND MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC LOCAL 13-2001 (hereinafter referred to as **"Union" or "USW")** Plaintiff, and files this, its Original Complaint in the above-captioned matter, and would respectfully show the Court as follows:

<u>**PARTIES**</u>

1.   Plaintiff Union is an unincorporated association and a labor organization within the meaning of the LMRA, 29 U.S.C. §§ 142(3), 152(5).

2.   Defendant Exxon Mobil Fuels and Lubricants Company (a Division of Exxon Mobil Corporation) (hereinafter referred to as "Company"), operates a refinery in Baytown, Texas. Defendant Exxon Mobil Corporation, of which Exxon Mobil Fuels and Lubricants Company is a division, is a New Jersey Corporation, and may be served with process through its registered agent for service, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware, 19808.

**JURISDICTION AND VENUE**

3.      This case arises under 29 U.S.C. §185.  This section of the Labor Management Relations

Act (LMRA) provides in pertinent part: "Suits for violation of contracts between an

employer and a labor organization representing employees in an industry affecting

commerce . . . may be brought in any district court of the United States having jurisdiction

of the parties, without respect to the amount in controversy or without regard to the

citizenship of the parties." 29 U.S.C. 185(a). The Union further alleges that federal

jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 185(c)(2).

Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C.

§185(c)(2).

4.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 29

U.S.C. § 185(a) and (c).

**BACKGROUND**

5.      Plaintiff is the exclusive collective bargaining representative for certain hourly employees

at the Defendant's refinery in Baytown. Defendant and the Union have entered into a

Collective Bargaining Agreement ("CBA") that governs the terms and conditions of

employment for the employees represented by the Union at the refinery. The relevant CBA

was effective May 15, 2016 through May 15, 2020.

6.      Plaintiff brings this lawsuit to enforce the parties' agreed-to arbitration provisions, as set

forth in Article 15 of the CBA. A copy of Article 15 of the CBA is attached as *Exhibit A*.

7.      James Briggs, a member of the Union, was terminated from his employment with

Defendant for allegedly violating company policies.

8.      Article 26 of the CBA specifically limits Defendant's right to discipline and discharge employees for just cause.

9.      Article 14 of the CBA states that any part of the Collective Bargaining Agreement may be the subject of a grievance.

11.     Under Article 15, any grievance that involves an alleged violation of a provision of the CBA may be referred to the arbitration procedure set forth in Article 15.

12.     Plaintiff grieved Mr. Briggs's termination, and an arbitration over his grievance occurred on December 2, 2021.

13.     By written decision dated February 10, 2022, the arbitrator ordered Mr. Briggs's reinstatement with full back pay, minus interim earnings, and with seniority and benefits unimpaired. A copy of the arbitrator's decision is attached and incorporated herein as *Exhibit B*.

14.     Per Article 15 of the CBA, the decision of the arbitrator is final and binding on the parties.

15.     Defendant has refused to follow the arbitrator's decision which required not only reinstatement, but also that Mr. Briggs be made whole for full back pay, seniority, and other benefits.

16.     The arbitrator did not act beyond the ambit of his authority under the Collective Bargaining Agreement when he determined that Defendant lacked just cause when it terminated Mr. Briggs.

17.     Because the arbitrator's decision draws its essence from the contract and does not simply reflect the arbitrator's own notions of industrial justice, his decision to reinstate Mr. Briggs must be enforced.

18.     Plaintiff seeks specific performance of the arbitrator's decision as provided for under the terms of the Collective Bargaining Agreement.

**PRAYER FOR RELIEF**

19.     That the Court declare that under the terms of the Collective Bargaining Agreement, the award of Arbitrator Paul Chapdelaine was within the scope of his authority, and is final and binding under the Collective Bargaining Agreement.

20.     That the Court order the Arbitrator's Award be enforced;

21.     That Plaintiff recover its attorney's fees and costs of court associated with bringing this action as compensatory damages; and

22.     That the Court order such other and further relief as it deems just and proper under the circumstances.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS LLP**

 **/s/ Margret Lecocke**
Jim Hart
Federal I.D. No. 14548
Margret Lecocke
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2312 - Telephone
(713) 643-6226 - Facsimile

**ATTORNEY FOR PLAINTIFF**